FILED
OCT 21 2010 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE GETTLEMAN

10 CR 894

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. _____ |
| v. ) | |
| ) | Violation: Title 18, United States Code, |
| DUDLEY DONELSON and ) | Section 152(1) |
| LEIGHE DONELSON ) | |

### COUNT ONE

MAGISTRATE JUDGE MASON

The SPECIAL AUGUST 2009-2 GRAND JURY charges:

1. At times material to this indictment:

   a. The filing of a bankruptcy petition created a "bankruptcy estate" consisting of all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case;

   b. Chapter 13 of the Bankruptcy Code provided that debtors with regular income could, with Court approval, reorganize and repay their debts over time under a plan of scheduled repayment (the "plan"), provided that the value of the payments under the plan was not less than the amount that would be paid to the creditors if the bankruptcy estate were liquidated;

   c. Debtors were required to complete and file, under penalty of perjury, a Statement of Financial Affairs and Schedules disclosing the debtor's assets, liabilities, income and expenses. In particular, the debtor was required to disclose:

       i. interests in the estate of a decedent;
       ii. all suits and administrative proceedings to which the debtor was a party within one year immediately preceding the filing of the bankruptcy case;

        iii.    property settlements to which the debtor was entitled;
        iv.    checking, savings, or other financial accounts; and
        v.    all businesses in which the debtor was an officer, director, partner, or managing executive within the six years immediately preceding the commencement of the case;

    d.    On or about June 3, 2001, defendant LEIGHE DONELSON'S mother, Thelma Lee Powell ("Powell") died in Washington County, Mississippi;

    e.    On or about August 17, 2001, a petition was filed in the Chancery Court of Washington County, Mississippi (the "Chancery Court") to open Powell's estate, *In re the Matter of the Estate of Thelma Lee Powell*, No. 01706;

    f.    On or about August 24, 2001, a petition was filed in the Chancery Court in *In re the Matter of the Estate of Thelma Lee Powell*, No. 01706, to establish Powell's heirs at law, which heirs included defendant LEIGHE DONELSON;

    g.    On or about November 13, 2001, the Chancery Court issued an order opening Powell's estate;

    h.    On or about May 28, 2002, a lawsuit was filed seeking to recover damages resulting from Powell's death, *Mary Williams, et al. v. Mississippi Care Center of Greenville, et al.* No, CI2002-184 (the "Powell wrongful death lawsuit") on behalf of plaintiffs, including defendant LEIGHE DONELSON, who received notice of the Powell wrongful death lawsuit;

    i.    On or about July 26, 2002, the Chancery Court issued an order establishing defendant LEIGHE DONELSON as one of Powell's heirs;

j. Within six years of August 1, 2003, defendant DUDLEY DONELSON was President of IT Suite and Precious Stone Limousine, Inc., both of which had offices at 784 Exmoor Drive, Olympia Fields, IL;

k. As of August 1, 2003, defendant DUDLEY DONELSON controlled account number -3100 at TCF Bank and account number -0275 at JP Morgan Chase (the "DUDLEY DONELSON accounts");

l. As of August 1, 2003, defendant LEIGHE DONELSON was the account holder and controlled account number -4313 at Bank Financial (the "LEIGHE DONELSON account -4313");

m. As of August 1, 2003, defendants DUDLEY DONELSON and LEIGHE DONELSON were joint account holders or controlled accounts -7110 and -6686 at Bank Financial (the "DONELSON joint accounts");

n. On or about August 1, 2003, defendants DUDLEY DONELSON and LEIGHE DONELSON signed under penalty of perjury and filed a joint Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), initiating *In re Dudley Donelson and Leighe Donelson*, case number 03 B 32007 (the "DONELSON Bankruptcy Case"), along with schedules and a statement of financial affairs which did not disclose:

      i. defendant LEIGHE DONELSON's interest in the Powell Estate;
      ii. the Powell wrongful death lawsuit;

   iii. IT Suite and Precious Stone Limousine, Inc., as businesses in which defendant DUDLEY DONELSON was an officer within the six years prior to filing the bankruptcy petition; and

   iv. the DUDLEY DONELSON accounts, the LEIGHE DONELSON account -4313, and the DONELSON joint accounts;

 o. On or about August 14, 2003, defendant LEIGHE DONELSON executed a waiver and consent as an heir approving a settlement of the Powell wrongful death lawsuit;

 p. On or about August 15, 2003, defendants DUDLEY DONELSON and LEIGHE DONELSON filed their original Chapter 13 plan in the DONELSON Bankruptcy Case;

 q. On or about August 25, 2003, the Chancery Court approved the wrongful death lawsuit settlement (the "Settlement");

 r. On or about September 5, 2003, defendant LEIGHE DONELSON received Settlement proceeds in the form of a check payable in the amount of $68,974.61, which funds were sufficient to repay all of defendants' unsecured creditors in full and to cure the arrearage owed to defendant's secured creditor as those debts were scheduled and set forth in the Chapter 13 plan;

 s. On or about September 8, 2003, defendant LEIGHE DONELSON deposited the $68,974.61 settlement check into LEIGHE DONELSON account -4313;

 t. On or about September 15, 2003, defendant LEIGHE DONELSON opened account number -4183 at Bank Financial (the "LEIGHE DONELSON account

-4-

-4183") into which defendant LEIGHE DONELSON deposited approximately $5000 in Settlement proceeds withdrawn from LEIGHE DONELSON account -4313;

  u. On or about September 26, 2003, defendants DUDLEY DONELSON and LEIGHE DONELSON filed with the Bankruptcy Court in the DONELSON Bankruptcy Case amended schedules which did not disclose:

    i. defendant LEIGHE DONELSON's interest in the Powell Estate;
    ii. the Powell wrongful death lawsuit;
    iii. the Settlement and the Settlement proceeds;
    iv. IT Suite and Precious Stone Limousine, Inc., as businesses in which defendant DUDLEY DONELSON was an officer within six years prior to filing the bankruptcy petition; and
    v. the DUDLEY DONELSON accounts, the LEIGHE DONELSON accounts -4313 and -4183, and the DONELSON joint accounts;

  v. On or about October 24, 2003, defendants DUDLEY DONELSON and LEIGHE DONELSON filed with the Bankruptcy Court in the DONELSON Bankruptcy Case an amended Chapter 13 plan and amended schedules which did not disclose:

    i. defendant LEIGHE DONELSON's interest in the Powell Estate;
    ii. the Powell wrongful death lawsuit;
    iii. the Settlement and the Settlement proceeds;
    iv. IT Suite and Precious Stone Limousine, Inc., as businesses in which defendant DUDLEY DONELSON was an officer within six years prior to filing the bankruptcy petition; and
    v. the DUDLEY DONELSON accounts, the LEIGHE DONELSON accounts -4183 and -4313, and the DONELSON joint accounts;

  w. On or about November 3, 2003, defendants DUDLEY DONELSON and LEIGHE DONELSON caused the Bankruptcy Court to confirm the Chapter 13 plan, which provided that unsecured creditors would be paid over approximately 4 years;

  x. On or about January 26, 2004, defendant LEIGHE DONELSON received additional Settlement proceeds in the form of a check payable in the amount of $8,690.64;

  y. On or about January 23, 2004, defendant LEIGHE DONELSON opened account number -7369 at Bank Financial into which she deposited the $8,690.64 settlement check on January 31, 2004; and

  z. On April 29, 2009, defendants DUDLEY DONELSON and LEIGHE DONELSON caused the Bankruptcy Court to issue an order discharging the debts of defendants DUDLEY DONELSON and LEIGHE DONELSON.

  2. Beginning on or about August 1, 2003, and continuing until on or about April 29, 2009, at Chicago, in the Northern District of Illinois, Eastern Division,

  DUDLEY DONELSON and LEIGHE DONELSON,

defendants herein, knowingly and fraudulently concealed from a trustee and other officer of the court charged with the control and custody of property, and from creditors in a case under Chapter 13 of the United States Bankruptcy Code (Title 11), namely, *In re Dudley Donelson and Leighe Donelson*, No. 03 B 32007, property belonging to the estate of debtors DUDLEY DONELSON and LEIGHE DONELSON, specifically:

  a. defendant LEIGHE DONELSON's interest in the Powell Estate;
  b. the Powell wrongful death lawsuit;
  c. the Settlement and the Settlement proceeds;
  d. IT Suite and Precious Stone Limousine, Inc., as businesses in which defendant DUDLEY DONELSON was an officer within six years prior to filing the bankruptcy petition; and

      e.      the DUDLEY DONELSON accounts, the LEIGHE DONELSON accounts -4183 and -4313, and the DONELSON joint accounts;

by means and methods including knowingly filing a statement of financial affairs, schedules and amended schedules which contained material false statements and material omissions, and by depositing the Settlement proceeds into concealed accounts;

In violation of Title 18, United States Code, Section 152(1).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY